IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1063-RGA |
| ST. FRANCIS CATHOLIC HOSPITAL, | : |
| Defendant. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 17, 2017
Wilmington, Delaware

*signature* 
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action in July 2017 in the United States District Court for the Eastern District of Pennsylvania against St. Francis Catholic Hospital in Wilmington, Delaware. The matter was transferred to this Court on August 2, 2017. (D.I. 5). Jones asserts jurisdiction by reason of a United States government defendant, a federal question, and federal diversity. (D.I. 4 at p.2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff indicates that he has been diagnosed with schizophrenia and is "Court Ordered to treatment and medications." (D.I. 4 at p.6). He has been involuntarily hospitalized many times from 2005 through 2017 and medicated against his will. (*Id.*).

According to the complaint, the dates of occurrence(s) are May 23, 2017, June 1, 2017, July 9, 2017, and from 1986 to the present date. (*Id.* at p.3). Plaintiff visited Defendant one day during the summer to have his broken nose "reset, put in place, and/or repair[ed]." (*Id.*). He alleges that Defendant refused to repair his broken nose and told Plaintiff surgery was required. (*Id.* at p.5). Plaintiff was told to see an ENT, plastic surgeon and/or undergo a rhinoplasty and/or cosmetic surgery. (*Id.* at p.7). When he presented to the hospital, he was questioned by hospital staff who suspected that Plaintiff suffered from schizophrenia, but he was not held against his will and was free to leave. (*Id.* at pp. 4, 7).

1

Plaintiff states that all of the defendants (there is only one named defendant) with whom he came into contact are identity thieves practicing under the guise of law and medicine, and they are fraudulently acting as government employees. (*Id.* at pp. 9, 10). He alleges their fraudulent testimony has adversely affected him. (*Id.* at p.10). Plaintiff claims that he has survived many murder attempts, suffered many injuries, suffered side effects from the medication he must take, been raped, and his diagnoses have hurt his reputation. (*Id.* at p.17). He seeks two billion dollars in damages.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___ U.S. ___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step

3

process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016); Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The allegations in the complaint are legally and factually frivolous. As pled, there is no legal basis for Jones' claims. The allegations are conclusory, somewhat delusional, and do not state a plausible claim for relief. See Iqbal, 556 U.S. at 679. Nor does the Court have jurisdiction. There is no federal defendant. There is no federal question. The parties are not diverse. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Jones attempts to raise supplemental state law claims, there is no basis for doing so, as there can be no supplemental jurisdiction when there is no federal jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.